IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO L. SHAW,

                                                                                         OPINION AND ORDER

                  Petitioner,

                                                                                        08-cv-490-bbc

    v.

MARTHA BREEN,
JANEL NICKEL,
DILLEN RADTKE and
GREG GRAMS,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil rights action brought under 42 U.S.C. § 1983, petitioner Sergio Shaw, a prisoner, contends that respondents violated his rights under the Eighth Amendment by failing to protect him from an assault by another prisoner. In a previous order, dkt. #5, I concluded that petitioner was indigent and had no means to make an initial partial payment in accordance with 28 U.S.C. § 1915(b)(4).

       Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages

1

from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's complaint, I conclude that he has failed to state a claim upon which relief may be granted because he has not exhausted his administrative remedies as he was required to do under 42 U.S.C. § 1997e(a).

In his complaint, petitioner alleges that he has filed a grievance but that prison administrators have not yet responded to it. The grievance attached to the complaint shows that he filed it on August 17, 2008, the same day he signed the complaint for his federal lawsuit. Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir.2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir.2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

In this case, petitioner has not taken all the steps required by the grievance process. The Wisconsin Administrative Code required petitioner to wait for a response from the institution complaint examiner and, if he was not satisfied with the response, to file appeals with the appropriate reviewing authority and the office of the Secretary. Wis. Admin. Code

2

§§ DOC 310.07. Under Wis. Admin. Code § DOC 310.11(11), the examiner has 20 days to decide a grievance. Even if I assumed that a court had authority to modify exhaustion requirements in the face of an emergency, e.g., Marvin v. Goord, 255 F.3d 40, 43 (2d Cir. 2001), petitioner has not alleged any facts suggesting his situation is so dire. Furthermore, even when prisoners believe they face imminent harm,

> this does not mean, of course, that inmates are free to bypass adequate internal prison procedures and bring their health and safety concerns directly to court. . . . When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them. . . . Even apart from the demands of equity, an inmate would be well advised to take advantage of internal prison procedures for resolving inmate grievances. When those procedures produce results, they will typically do so faster than judicial processes can. And even when they do not bring constitutionally required changes, the inmate's task in court will obviously be much easier.

Farmer v. Brennan, 511 U.S. 825, 847 (1994).

By filing a federal lawsuit the same day he filed his grievance, petitioner failed to give officials at his prison a fair opportunity to resolve his problem. In accordance with circuit precedent, I must dismiss this case without prejudice to petitioner's refiling it after he completes the grievance process. Ford v. Johnson, 362 F.3d 395 (7th Cir. 2004) (when prisoner brings lawsuit before completing exhaustion process, case must be dismissed without prejudice, even if prisoner has finished process since filing lawsuit). Although a prisoner's failure to exhaust his administrative remedies is an affirmative defense that

3

normally must be proven by the defendants, a district court may raise an affirmative defense on its own if it is clear from the face of the complaint and any documents attached to it that the defense applies. Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002); Beanstalk Group Inc. v. AM General Corp., 283 F.3d 856, 858 (7th Cir. 2002) (documents attached to complaint become part of it for all purposes).

Petitioner may object to the exhaustion requirement because he believes that prison officials are likely to deny his grievance or because the grievance process cannot provide him with the money damages he seeks in this case. Unfortunately for petitioner, the Supreme Court has considered both of these objections and has concluded that a prisoner must complete the grievance process even when it appears that doing so is futile and even when the available administrative remedies do not include those sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Although I need not reach the merits of petitioner's complaint, I will give petitioner some guidance in the event that he decides to refile this case after completing the grievance process. Petitioner's claim includes two parts. He says that respondents violated his rights by failing to prevent an assault that already occurred and also that they are continuing to place him in harm's way because they have not separated him from the prisoner who assaulted him.

To prevail on a claim regarding an alleged failure to protect one prisoner from

4

another, the plaintiff must show that the defendants disregarded a substantial risk of *serious harm* to the plaintiff's safety. Farmer, 511 U.S. at 828-29. In his complaint, petitioner says only that respondents failed to protect him from an assault, but in the grievance attached to the complaint, he explains that the assault was another prisoner spitting on him. Although that incident undoubtedly was highly unpleasant for petitioner, it does not rise to the level of a "serious harm" necessary to implicate the Eighth Amendment. Cf. DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) ("[A] correctional officer spitting upon a prisoner does not rise to the level of a constitutional violation."). If petitioner believes that he is still in danger, he may state a claim for injunctive relief in a new lawsuit, but only if he alleges facts from which it may be reasonably inferred that there is a substantial risk that another prisoner will seriously harm him *and* that respondents are aware of this risk and are failing to take reasonable measures to protect petitioner.

In addition to dismissing the case, I must record a strike under 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding in forma pauperis when a federal court has dismissed three or more actions on the ground that the prisoner has failed to state a claim upon which relief may be granted, among other things. In Jones v. Bock, 127 S. Ct. 910, 920-21 (2007), the Supreme Court made it clear that a dismissal for failure to state a claim is not limited to a dismissal on the merits. Rather, a complaint fails to state a claim upon which relief may be granted any time "the allegations, taken as true, show the plaintiff is not

5

entitled to relief," including times when the complaint shows that a prisoner failed to comply with exhaustion requirements.  Id.  See also Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670 n.14 (7th Cir. 1998) (plaintiff may plead himself out of court by pleading facts showing that action is barred by affirmative defense).  Because petitioner's complaint and attached documents show that his case must be dismissed for failure to exhaust his administrative remedies, he has failed to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1.  This case is DISMISSED without prejudice to petitioner Sergio Shaw's refiling it after he has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

2.  A strike will be recorded under 28 U.S.C. § 1915(g).

3.  Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).

Entered this 15th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge